# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| Darrin L. Jackson, individually and as Special Administrator for the estate of Floyd Jackson<br><br>Plaintiff,<br><br>v.<br><br>A. C. AND S., INC., a corporation; A.W. CHESTERTON COMPANY, a corporation; ANCHOR PACKING COMPANY, a corporation; CERTAIN-TEED CORP.; COMBUSTION ENGINEERING, INC., a corporation; CSR, LTD., a corporation; DURABLA MANUFACTURING COMPANY, a corporation; FERODO AMERICA, INC., a corporation; FOSTER WHEELER CORPORATION, as Parent Corporation to FOSTER WHEELER ENERGY CORPORATION, a corporation; FOSTER-WHEELER ENERGY CORP., a corporation; THE FLINTKOTE COMPANY, a corporation; GARLOCK, INC., a corporation; GENERAL ELECTRIC COMPANY, a corporation; GEORGIA-PACIFIC CORPORATION, a corporation; J.P. BUSHNELL PACKING & SUPPLY, a corporation; MAREMONT CORP., a corporation; METROPOLITAN LIFE INSURANCE COMPANY, a corporation; OWENS-ILLINOIS CORPORATION, a corporation; RAPID AMERICAN CORP., a corporation; and VIACOM, INC. as successor to WESTINGHOUSE ELECTRIC CORP., a corporation,<br><br>Defendants. | CASE NO.<br><br>**02C 2254**<br><br>In Re Asbestos Litigation<br><br>**DOCKETED**<br>**JUDGE GRADY** MAR 2 9 2002<br><br>MAGISTRATE JUDGE MASON<br><br><br>COMPLAINT |

## COMPLAINT

Now comes the plaintiff, Darrin L. Jackson , hereinafter "Plaintiff," and as special administrator for the

estate of Floyd Jackson , hereinafter "Plaintiff's Decedent," by and through his attorneys, CASCINO

VAUGHAN LAW OFFICES, LTD., and complains of A. C. AND S., INC., a corporation; A.W.

CHESTERTON COMPANY, a corporation; ANCHOR PACKING COMPANY, a corporation;

CERTAIN-TEED CORP.; COMBUSTION ENGINEERING, INC., a corporation; CSR, LTD., a

corporation; DURABLA MANUFACTURING COMPANY, a corporation; FERODO AMERICA, INC., a corporation; FOSTER WHEELER CORPORATION, as Parent Corporation to FOSTER WHEELER ENERGY CORPORATION, a corporation; FOSTER-WHEELER ENERGY CORP., a corporation; THE FLINTKOTE COMPANY, a corporation; GARLOCK, INC., a corporation; GENERAL ELECTRIC COMPANY, a corporation; GEORGIA-PACIFIC CORPORATION, a corporation; J.P. BUSHNELL PACKING & SUPPLY, a corporation; MAREMONT CORP., a corporation; METROPOLITAN LIFE INSURANCE COMPANY, a corporation; OWENS-ILLINOIS CORPORATION, a corporation; RAPID AMERICAN CORP., a corporation; and VIACOM, INC. as successor to WESTINGHOUSE ELECTRIC CORP., a corporation, hereinafter "Defendants", as follows:

## JURISDICTION

1. Plaintiff Darrin L. Jackson is an adult citizen of Illinois. Plaintiff's address is 8225 S. Colfax, Chicago, Illinois 60617. Plaintiff's Decedent worked around asbestos at various job sites in the states of Illinois and California during his career as a Pipefitter.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## **GENERAL ALLEGATIONS**

6. Plaintiff's Decedent during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by defendants.

7. Plaintiff's Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near asbestos products.

8. Plaintiff's Decedent became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff's Decedent developed and was diagnosed as having Lung Cancer. See medical report at Exhibit C, attached hereto and incorporated herein by this reference.

10. Plaintiff's Decedent suffered great pain, physical impairment, mental pain and anguish, losses to his personal property and possessions, and fear of death. Because of this the Plaintiff is liable for large sums of money.

## **PRODUCTS LIABILITY - NEGLIGENCE**

11. It was reasonably foreseeable by Defendants that Plaintiff's Decedent and other workers would be working with or in the proximity of Defendants' asbestos products.

12. Defendants had a duty to exercise reasonable care for the safety of Plaintiff's Decedent and others who worked with or were exposed to Defendants' asbestos products.

13. Prior to, during, and after the time Defendants manufactured, produced, processed, packaged, designed, distributed, and/or shipped the asbestos products and/or asbestos insulated equipment to which Plaintiff's Decedent was exposed, Defendants knew, or in the exercise of ordinary or

reasonable care ought to have known, that exposure to their asbestos products caused disease and/or death and that Plaintiff's Decedent and/or others did not know that asbestos products were dangerous or harmful.

14. Notwithstanding the aforementioned duty, Defendants, and each of them, were negligent by one or more of the following acts or omissions in that they:

    a. Failed to adequately warn Plaintiff's Decedent and/or others of the health hazards concerned with exposure to asbestos;

    b. Failed to recommend and/or provide proper protective apparel, equipment, appliances, and/or packaging to ensure Plaintiff's Decedent's and/or other's safety;

    c. Failed to warn Plaintiff's Decedent and/or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

    d. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

    e. Failed to instruct Plaintiff's Decedent, his employers and/or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

    f. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

15. As a direct and proximate result of these negligent acts and/or omissions of Defendants, Plaintiff's Decedent endured suffering and injuries set forth in paragraph 9.

## DEFENDANT SPECIFIC COUNTS

## A. C. AND S., INC.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

16. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 2 - WRONGFUL DEATH

17. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 3 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

18. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### A.W. CHESTERTON COMPANY

### COUNT 4 - PRODUCTS LIABILITY - NEGLIGENCE

19. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 5 - WRONGFUL DEATH

20. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 6 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

21. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### ANCHOR PACKING COMPANY

### COUNT 7 - PRODUCTS LIABILITY - NEGLIGENCE

22. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

### COUNT 8 - WRONGFUL DEATH

23. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 9 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

24. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### CERTAIN-TEED CORP.

### COUNT 10 - PRODUCTS LIABILITY - NEGLIGENCE

25. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 11 - WRONGFUL DEATH

26. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 12 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

27. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### COMBUSTION ENGINEERING, INC.

### COUNT 13 - PRODUCTS LIABILITY - NEGLIGENCE

28. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 14 - WRONGFUL DEATH

29. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 15 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

30. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### CSR, LTD.

### COUNT 16 - PRODUCTS LIABILITY - NEGLIGENCE

31. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 17 - WRONGFUL DEATH

32. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 18 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

33. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### DURABLA MANUFACTURING COMPANY

### COUNT 19 - PRODUCTS LIABILITY - NEGLIGENCE

34. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 20 - WRONGFUL DEATH

35. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 21 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

36. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### FERODO AMERICA, INC.

### COUNT 22 - PRODUCTS LIABILITY - NEGLIGENCE

37. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 23 - WRONGFUL DEATH

38. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 24 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

39. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### FOSTER WHEELER CORPORATION

### as Parent Corporation to FOSTER WHEELER ENERGY CORPORATION

### COUNT 25 - PRODUCTS LIABILITY - NEGLIGENCE

40. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 26 - WRONGFUL DEATH

41. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 27 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

42. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### FOSTER-WHEELER ENERGY CORP.

### COUNT 28 - PRODUCTS LIABILITY - NEGLIGENCE

43. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 29 - WRONGFUL DEATH

44. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 30 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

45. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### THE FLINTKOTE COMPANY

### COUNT 31 - PRODUCTS LIABILITY - NEGLIGENCE

46. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 32 - WRONGFUL DEATH

47. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Plaintiff's Decedent and damages have been suffered by Plaintiff.

## COUNT 33 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

48.   Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and

the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's

Decedent.

## GARLOCK, INC.

## COUNT 34 - PRODUCTS LIABILITY - NEGLIGENCE

49.   Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

## COUNT 35 - WRONGFUL DEATH

50.   Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Plaintiff's Decedent and damages have been suffered by Plaintiff.

## COUNT 36 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

51.   Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and

the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's

Decedent.

## GENERAL ELECTRIC COMPANY

## COUNT 37 - PRODUCTS LIABILITY - NEGLIGENCE

52.   Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

## COUNT 38 - WRONGFUL DEATH

53.   Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Plaintiff's Decedent and damages have been suffered by Plaintiff.

## COUNT 39 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

54. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and

the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's

Decedent.

## GEORGIA-PACIFIC CORPORATION

## COUNT 40 - PRODUCTS LIABILITY - NEGLIGENCE

55. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

## COUNT 41 - WRONGFUL DEATH

56. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Plaintiff's Decedent and damages have been suffered by Plaintiff.

## COUNT 42 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

57. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and

the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's

Decedent.

## J.P. BUSHNELL PACKING & SUPPLY

## COUNT 43 - PRODUCTS LIABILITY - NEGLIGENCE

58. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15)

based on negligence with respect to this defendant.

## COUNT 44 - WRONGFUL DEATH

59. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Plaintiff's Decedent and damages have been suffered by Plaintiff.

## COUNT 45 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

60. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

## MAREMONT CORP.

### COUNT 46 - PRODUCTS LIABILITY - NEGLIGENCE

61. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 47 - WRONGFUL DEATH

62. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 48 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

63. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

## METROPOLITAN LIFE INSURANCE COMPANY

### COUNT 49 - PRODUCTS LIABILITY - NEGLIGENCE

64. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 50 - CONSPIRACY

65. This claim is brought against defendant METROPOLITAN LIFE INSURANCE COMPANY for civil conspiracy and Plaintiff incorporates paragraphs 1 - 15 and 70 above.

66. Said defendant and co-conspirators had actual knowledge or through the exercise of ordinary care should have known as early as the 1930's that exposure to asbestos caused serious disease and

death; that the risks and health hazards of asbestos were not widely known; and that the general public in the United States was ignorant of the hazardous properties of asbestos.

67. Defendant METROPOLITAN LIFE INSURANCE COMPANY and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

   a. Suppressing information about the health hazards of asbestos, including medical and scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

   b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

68. The conspirators, including METROPOLITAN LIFE INSURANCE COMPANY, in communications between each other and through participation in trade organizations and committees of such trade organizations, ratified and adopted the unlawful purposes and conduct of the conspiracy.

69. Defendant METROPOLITAN LIFE INSURANCE COMPANY and one or more of the conspirators performed the following tortious acts in furtherance of the conspiracy:

   a. Manufactured, sold, packaged or installed unreasonably dangerous asbestos products to which the Plaintiff's Decedent was exposed,

   b. Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos or failed to instruct about precautionary measures required for protection;

70. The agreement between METROPOLITAN LIFE INSURANCE COMPANY and the conspirators and acts done in furtherance of the agreement were the proximate causes of the injuries set forth above in paragraph 9.

**COUNT 51 - WRONGFUL DEATH**

71.  Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 52 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

72.  Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### OWENS-ILLINOIS CORPORATION

### COUNT 53 - PRODUCTS LIABILITY - NEGLIGENCE

73. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 54 - WRONGFUL DEATH

74. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

### COUNT 55 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

75. Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

### RAPID AMERICAN CORP.

### COUNT 56 - PRODUCTS LIABILITY - NEGLIGENCE

76. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 57 - WRONGFUL DEATH

77. Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of Plaintiff's Decedent and damages have been suffered by Plaintiff.

## COUNT 58 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

78.Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the

estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

## VIACOM, INC.

## COUNT 59 - PRODUCTS LIABILITY - NEGLIGENCE

79.Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based

on negligence with respect to this defendant.

## COUNT 60 - WRONGFUL DEATH

80.Defendants actions as described in the preceding paragraphs (1 - 15) caused the wrongful death of

Plaintiff's Decedent and damages have been suffered by Plaintiff.

## COUNT 61 - RECOVERY OF FUNERAL AND BURIAL EXPENSES

81.Defendants actions as described in the preceding paragraphs (1 - 15) have resulted in Plaintiff and the

estate of Plaintiff's Decedent incurring funeral and burial expenses from the death of Plaintiff's Decedent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     Judgement against Defendants, jointly and severally, for compensatory and general damages in

excess of $75,000 plus costs.

2.     Such further legal and equitable relief as the Court orders to do justice in this case; costs and

disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated this 25th day of March, 2002.

One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| | | |
|---|---|---|
| A.C. and S., Inc. | Delaware | Pennsylvania |
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| The Anchor Packing Company | Delaware | Texas |
| Ceratain-Teed | Delaware | Pennsylvania |
| Combustion Engineering, Inc. | Delaware | Massachusetts |
| C S R, Ltd. | Australia | Australia |
| Durabla Manufacturing Company | New York | Pennsylvania |
| Ferodo America, Inc. | Delaware | Tennessee |
| Foster Wheeler Corporation, as Parent Corporation to Foster Wheeler Energy Corporation | New York | New Jersey |
| Foster Wheeler Energy Corp | Delaware | New Jersey |
| The Flintkote Company | Delaware | California |
| Garlock, Inc. | Ohio | Ohio |
| Gasket Holdings, Inc. | Delaware | Texas |
| General Electric Company | New York | Connecticut |
| Georgia-Pacific Corporation | Georgia | Georgia |
| J.P. Bushnell Packing & Supply | Missouri | Missouri |
| Maremont Corp. | Delaware | Indiana |
| Metropolitan Life Insurance Co. | New York | New York |
| Owens-Illinois Corporation | Delaware | Ohio |
| Rapid American Corp. | Delaware | Pennsylvania |
| Viacom, Inc. as successor to Westinghouse Electric Corp. | Delaware | New York |

**Distribution List:**

A C AND S INC
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814

# Exhibit B
## Work History of Floyd Jackson

| Last | First | FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|------|-------|-----------|----------|--------------|----------|--------|
| Jackson | Floyd | 1967 | 1976 | Corn Products | Argo | IL |
| Jackson | Floyd | 1976 | 1982 | Long Beach Naval Shipyard | Long Beach | CA |

# STATE OF ILLINOIS
## MEDICAL CERTIFICATE OF DEATH

**CITY OF CHICAGO**
**DEPARTMENT OF PUBLIC HEALTH**

STATE OF ILLINOIS
COUNTY OF COOK
CITY OF CHICAGO
JUL 03 2000

I, SHEILA LYNE, RSM, LOCAL REGISTRAR OF VITAL STATISTICS OF THE CITY OF CHICAGO, DO HEREBY CERTIFY THAT I AM THE KEEPER OF THE RECORDS OF BIRTHS, STILLBIRTHS AND DEATHS FOR THE CITY OF CHICAGO BY VIRTUE OF THE LAWS OF THE STATE OF ILLINOIS AND THE ORDINANCES OF THE CITY OF CHICAGO; THAT THE ACCOMPANYING CERTIFICATE ON THIS SHEET IS A TRUE COPY OF A RECORD KEPT BY ME IN ORDINANCE OF SAID LAW AND ORDINANCES.

Sheila Lyne, RSM
LOCAL REGISTRAR

THIS CERTIFICATE COPY VALID WHEN MULTICOLOR SIGNATURE SEAL IS AFFIXED.

EXHIBIT

REGISTRATION NO: 6.10
DISTRICT NO: 

STATE FILE NUMBER: 610444

DECEASED — NAME: FLOYD LEE JACKSON
SEX: MALE
DATE OF DEATH: JUNE 30-2000
DATE OF BIRTH: JULY 10, 1943
AGE: 56
PLACE OF DEATH: DOA
HOSPITAL OR OTHER INSTITUTION — NAME: ST. BERNARD HOSP
WAS DECEASED EVER IN US ARMED FORCES: NO

COUNTY OF DEATH: COOK
CITY, TOWN, TWP, OR ROAD DISTRICT NUMBER: CHICAGO

MARITAL STATUS: DIVORCED
SURVIVING SPOUSE NAME: 
SOCIAL SECURITY NUMBER: 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
KIND OF BUSINESS OR INDUSTRY: CON PRODUCE
EDUCATION: 12
INSIDE CITY: YES
COUNTY: COOK

RESIDENCE — STREET AND NUMBER: 422 W 62ND ST
CITY, TOWN, TWP, OR ROAD DISTRICT NO.: CHICAGO
ZIP CODE: 60621
RACE: BLACK AMERICAN
OF HISPANIC ORIGIN: NO

FATHER — NAME: RICHARD L JACKSON
MOTHER — NAME: MINERVA HEMINGWAY MOORE

INFORMANT'S NAME: LARRY GONZLER
RELATIONSHIP: MOTHER
MAILING ADDRESS: 42 W 62ND ST CHICAGO IL

PART I.
IMMEDIATE CAUSE: NONE
DUE TO: (a)
DUE TO: (b)
DUE TO: (c)

PART II. OTHER SIGNIFICANT CONDITIONS: NONE

WAS CASE REFERRED TO MEDICAL EXAMINER: YES
DATE: 6/29/00
HOUR OF DEATH: 1759 PM
DATE SIGNED: 7/3/00

WAS AN AUTOPSY PERFORMED: NO
TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE TIME, DATE AND PLACE AND DUE TO THE CAUSES STATED.

SIGNATURE: 
NAME AND ADDRESS OF CERTIFIER: J. LEBRE PEREY & Jr. Medical Examiner
ILLINOIS LICENSE NUMBER: 03609598

TIME OF OPERATION, IF ANY: NONE
MAJOR FINDINGS OF OPERATION: LARRY GONZLER

BURIAL, CREMATION, REMOVAL: CREMATION
CEMETERY OR CREMATORY — NAME: OAKLAND MEMPHES
LOCATION: DOLTON IL
FUNERAL HOME: MORGAN PARK FUNERAL HOME 1296 W 115TH CHICAGO IL
FUNERAL DIRECTOR'S / LICENSE NUMBER: 052340 08189
DATE: July 5, 2000

***Final Report***

**COOK COUNTY BUREAU OF HEALTH SERVICES**
**COOK COUNTY HOSPITAL**
**CAT SCAN DEPARTMENT**

Printed: May 16, 2000 1:41am

| | | | | |
|---|---|---|---|---|
| Patient Name: | JACKSON, FLOYD | | Sex: | M |
| Admission No: | 000127830156 | | DOB: | 07/10/1943 |
| Med. Rec. No: | 002510124 | | Pt Age: | |
| Referring Dr: | MUHAMMAD IQBAL, MD | 022285 | Pt Class: | I |
| Ordering Dr: | MUHAMMAD IQBAL, MD | 022285 | Order No: | 90004 |
| Admission Date: | 05/12/2000 | | Pt Location: | 30-301601 |
| Discharge Date: | | | Hosp Svc: | FRC |

DATE OF EXAM:   May 14 2000   ACC #: 5892012CCT  5102 - CHEST W/IV CONTRAST :
CLINICAL HISTORY: CHEST PAIN SHORTNESS OFBREATH RULE OUT TBFINDINGS: CT CHEST:

1. 4 CM. SOFT TISSUE MASS IN RIGHT UPPER LUNG, PROBABLY POSTERIOR SEGMENT, MOST C/W NEOPLASM. THERE IS CONFLUENT OPACIFICATION OF THE RIGHT HILUM WITH PATCHY ALVEOLAR AND INTERSTITIAL OPACIFICATION OF THE ADJ LUNG: R/O PNEUMONIA & HILAR ADENOPATHY. RIGHT PLEURAL EFFUSION (5 CM. AP). MINIMAL INTERSTITIAL PROMINENCE OF THE LEFT PERIHILAR AND LOWER LUNG WITH SCARRING. 

2. CARDIOMEGALY WITH PROMINENCE TO THE PROXIMAL PULMONARY VASCULATURE. MULTIPLE SOFT TISSUE DENSITIES THROUGHOUT THE RETROCAVAL, PREVASCULAR, PRE AND SUBCARINAL AND AORTOPULMONARY MEDIASTINUM C/W MEDIASTINAL ADENOPATHY.

3. EVALUATION OF THE UPPER ABDOMEN IS LIMITED BY LACK OF ORAL CONTRAST ALTHOUGH THERE MAY BE SOME MURAL THICKENING OF DISTAL ESOPHAGUS AT GASTROESOPHAGEAL JUNCTION, CORRELATE FOR ESOPHAGITIS. PUNCTATE (5 MM.) DENSITIES IN THE EPIGASTRIC AND PARA-AORTIC REGIONS SUGGEST SMALL LYMPH NODES OR VARICES.   CLINICAL CORR. ATHEROSCLEROSIS. ADRENALS, LIVER, SPLEEN, KIDNEYS, URETERS, VISUALIZED BOWEL ARE GROSSLY UNREMARKABLE.

4. PERIPHERAL OSSEOUS/SOFT TISSUE UNREMARKABLE.

IMPRESSION: 1. RIGHT UPPER LUNG 4 CM. MASS WITH HILAR AND MEDIASTINAL ADENOPATHY, PARAHILAR PNEUMONIA AND RIGHT EFFUSION. FINDINGS SUGGEST NONRESECTIBLE PRIMARY LUNG NEOPLASM. OTHER ETIOLOGY CANNOT BE EXCLUDED.
         2. CARDIOMEGALY.
         3. POSSIBLE EPIGASTRIC AND PARA-AORTIC SMALL LYMPH NODES VS. ESOPHAGITIS, VARICES.
            4. SERVICE NOTIFIED.

Transcriptionist: BJJ
Transcribe Date/Time: May 15 2000  2:53P
Read by : JOHN N LARSON ,M.D.

This document has been electronically
Signed by: JOHN N LARSON ,M.D. On: May 15 2000  3:38P

---

IMAGING SERVICES CONSULTATION    NAME: JACKSON, FLOYD        ACCT #: 000127830156
                    MR#: 002510124

1

***Final Report***

COOK COUNTY BUREAU OF HEALTH SERVICES
COOK COUNTY HOSPITAL
DIAGNOSTIC WITHOUT CONTRAST DEPARTMENT

Printed: June 22, 2000 1:25am

| | | | |
|---|---|---|---|
| Patient Name: | JACKSON, FLOYD | Sex: | M |
| Admission No: | 000128317997 | DOB: | 07/10/1943 |
| Med. Rec. No: | 002510124 | Pt Age: | |
| Referring Dr: | SURESH NUKALA, MD 015677 | Pt Class: | O |
| Ordering Dr: | | Order No: | 90018 |
| Admission Date: | 06/01/2000 | Pt Location: | 250- |
| Discharge Date: | | Hosp Svc: | ONC |

DATE OF EXAM:     Jun 12 2000     ACC #: 5914758

CDN 1057 - CHEST PORTABLE EXAM :

CLINICAL HISTORY: CHEST PAIN SHORTNESS OF BREATH RULE OUT TB

FINDINGS:          Chest portable exam done on June 12, 2000 at 6:00 pm.

When compared to the previous study of June 11, 2000, there is no appreciable change in the cardiopulmonary status. Again identified is the right central mass with post obstructive pneumonia mainly in the right upper and lower lobes. Again identified is a moderate amount of right pleural effusion most likely malignant which is also unchanged. The previously mentioned semi lunar lucencies most likely due to loculated less than 5% pnemothorax are also re-identified and again unchanged. A right chest tube remains in place.

The haziness in the left lower lung has increased however. This may represent a new onset left pleural effusion and/or left basal pneumonia. Follow up exam for this recommended.

Mild congestive failure and fluid overload is noted along with cardiomegaly.

IMPRESSION:          AS ABOVE.

Transcriptionist: JMH
Transcribe Date/Time: Jun 21 2000 8:04A
Read by : PAMELA SOBTI ,M.D.

This document has been electronically
Signed by: PAMELA SOBTI ,M.D. On: Jun 21 2000 1:49P

---

IMAGING SERVICES CONSULTATION          NAME: JACKSON, FLOYD          ACCT #: 000128317997
                                       MR#: 002510124

FORM 705

***Final Report***

### COOK COUNTY BUREAU OF HEALTH SERVICES
### COOK COUNTY HOSPITAL
### DIAGNOSTIC WITHOUT CONTRAST DEPARTMENT

Printed: June 26, 2000 1:30am

| | | | | |
|---|---|---|---|---|
| Patient Name: | JACKSON, FLOYD | | Sex: | M |
| Admission No: | 000128269032 | | DOB: | 07/10/1943 |
| Med. Rec. No: | 002510124 | | Pt Age: | |
| Referring Dr: | JOHN JAY SHANNON, MD | 008169 | Pt Class: | I |
| Ordering Dr: | JOHN JAY SHANNON, MD | 008169 | Order No: | 90025 |
| Admission Date: | 05/31/2000 | | Pt Location: | 31-311201 |
| Discharge Date: | | | Hosp Svc: | FAM |

DATE OF EXAM:     Jun 23 2000     ACC #: 5924635

CDN 1057 - CHEST PA ONLY :

CLINICAL HISTORY: Pneumothorax. Carcinoma of the lung. Post pleurodesis

FINDINGS:          The film was taken with more penetration than that of 19 June.  The chest
tube is unchanged.  A small pneumothorax extends from the right mid lung
zone of the base.  An opaque mantle is seen around the entire right lung.  An
area of consolidation is seen in the right base with focal acinar density seen
in the right upper lung zone.

Since the previous study the left pulmonary vessels are sharper.

IMPRESSION:

- LOCULATED SMALL RIGHT BASAL PNEUMOTHORAX.
- RIGHT PLEURAL THICKENING.
- GAS RIGHT MID AND LOWER LUNG ZONE WHICH MAY EXTEND UP TO THE APEX.
- RESOLUTION IN LEFT PULMONARY CONGESTION.

Transcriptionist: SMT
Transcribe Date/Time: Jun 25 2000 11:54A
Read by : JOHN FITZPATRICK ,M.D.

This document has been electronically
Signed by: JOHN FITZPATRICK ,M.D. On: Jun 25 2000  3:01P

---

IMAGING SERVICES CONSULTATION      NAME: JACKSON,  FLOYD      ACCT #: 000128269032
                                   MR#: 002510124

FORM 705A

PROVIDENT HOSPITAL OF COOK COUNTY

500 51st. STREET

CHICAGO, IL 60615

RADIOLOGY REPORT

PT. NAME: JACKSON, FLOYD L, 57Y                    ADM #:      18114918

RAD NO:    195531                                  MED REC #: 195531
ORDER DR: WOYNAROWSKY, ANDREW                      ORD FOR:   06/30/2000 11:18AM
ATT DR:    WOYNAROWSKY, ANDREW                     NC/ROOM #:
                                                   REQUEST LOCATION: ONC
HISTORY/REASON: FVPRE-OP                           PATIENT CLASS: OUTPATIENT
PRIORITY: ROUTINE                                  HOSPITAL SERVICE: ONC
DIAGNOSIS:                                         DICTATED ON: 6/30/00

---

ORDER NO: 90001

EXAMINATION:  06/30/2000  X-R CXR PA & LAT

FULL RESULT:    The heart is enlarged with tortuous aorta.  There is
                patchy consolidation in the right lung.  There is pleural
                reaction along the right chest wall, with a small amount
                of effusion.  The left lung is essentially clear.

IMPRESSION:     Cardiomegaly with arteriosclerosis.

                Patchy consolidation in the entire right lung and right
                pleural reaction with small amount of effusion, as
                described above.

                There is no previous study available for comparison.

PATIENT CHART COPY

# ALVIN J. SCHONFELD, D.O., F.C.C.P., A.A.D.E.P.

**FLOYD JACKSON**

PULMONARY MEDICINE
OCCUPATIONAL LUNG DISEASE

WORKER'S Social Security Number    TYPE OF READING

`3 5 5 3 2 9 9 3 6`        `A [X] P`

438 W. ST. JAMES PLACE
CHICAGO, IL 60614

| 1A. DATE OF X-RAY | 1B. FILM QUALITY If Not Grade 1 state reason | 1C. IS FILM COMPLETELY NEGATIVE? |
|---|---|---|
| `0 0 2 6 0 0` MONTH DAY YR | `1 2 [X] 3 4` U/R *dark scapula* | YES ☐ Proceed to Section 3   NO [X] Proceed to Section 2 |

| 2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES [X] COMPLETE 2B and 2C   NO ☐ | PROCEED TO SECTION 3 |
|---|---|---|

**2B. SMALL OPACITIES**

a. SHAPE/SIZE
PRIMARY    SECONDARY

| p [X] | p [X] |
| q  t | q  t |
| r  u | r  u |

b. ZONES

| | |
| --- | --- |
| | |
| [X] | |

R  L

c. PROFUSION

| 0/- | 0/0 | 0/1 |
| [X] 1/0 | 1/1 | 1/2 |
| 2/1 | 2/2 | 2/3 |
| 3/2 | 3/3 | 3/+ |

**2C. LARGE OPACITIES**

SIZE  [X] A  B  C

PROCEED TO SECTION 3

| 3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? | YES [X] COMPLETE 3B, 3C and 3D   NO ☐ | PROCEED TO SECTION 4 |
|---|---|---|

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)
SITE  [X] R  L

b. COSTOPHRENIC ANGLE
SITE  0 [X] L

**3C. PLEURAL THICKENING ... Chest Wall**

a. CIRCUMSCRIBED (plaque)

|  | SITE | [X] R | | [X] L | |
|---|---|---|---|---|---|
| IN PROFILE | | 0 A B C | | 0 A B C | |
| i. WIDTH | | 0 1 2 3 | | 0 1 2 3 | |
| ii. EXTENT FACE ON | | 0 1 2 3 | | 0 1 2 3 | |
| iii. EXTENT | | 0 1 2 3 | | 0 1 2 3 | |

b. DIFFUSE

|  | SITE | 0 [X] R | | [X] L | |
|---|---|---|---|---|---|
| IN PROFILE | | 0 A B [X] | | 0 A B C | |
| i. WIDTH | | 0 1 2 [X] | | 0 1 2 3 | |
| ii. EXTENT FACE ON | | 0 1 2 [X] | | 0 1 2 3 | |
| iii. EXTENT | | | | | |

**3D. PLEURAL CALCIFICATION**

SITE  [X] R  EXTENT

| a. DIAPHRAGM | 0 1 2 3 |
| b. WALL | 0 1 2 3 |
| c. OTHER SITES | 0 1 2 3 |

SITE  [X] L  EXTENT

| a. DIAPHRAGM | 0 1 2 3 |
| b. WALL | 0 1 2 3 |
| c. OTHER SITES | 0 1 2 3 |

PROCEED TO SECTION 4

| 4A. ANY OTHER ABNORMALITIES? | YES [X] COMPLETE 4B and 4C   NO ☐ | PROCEED TO SECTION 5 |
|---|---|---|

**4B. OTHER SYMBOLS (OBLIGATORY)**

| 0 | ax | bu | ca [X] | cn | co | cp | cv | di | [X] em | es | fr | hi | ho | id | ih | kl | pi | px | rp | tb |

Report items which may be of present clinical significance in this section.  (SPECIFY od.)  `OD`

Date Personal Physician notified?
`| | |` MONTH  DAY  YR

**4C. OTHER COMMENTS**  R/o MESOTHELIOMA (R)

CANNOT SEE LUNG PARENCHYMA ON (R)

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C?  ⟶  [X] NO  PROCEED TO SECTION 5

**5. FILM READER'S INITIALS**  `A J S`

PHYSICIAN'S SOCIAL SECURITY NUMBER  `2 7 4 4 4 5 5 2 5`

NAME (LAST—FIRST—MIDDLE)

DATE OF READING
`0 8 0 3 0 1` MONTH DAY YR

CHICAGO IL 60603-1135

A W CHESTERTON CO.
C/O MR. MICHAEL MCCAULEY
533 TAFT BOULEVARD
SOUTH HOLLAND, IL 60473

THE ANCHOR PACKING COMPANY
C/O THE CORPORATION TRUST CO.
1209 N. ORANGE STREET
WILMINGTON DE 19801

CERTAIN-TEED CORPORATION
C/O THE CORPORATION TRUST CO.
1209 N. ORANGE ST.
WILMINGTON, DE 19801

COMBUSTION ENGINEERING, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON, DE 19801

C S R LTD
MICHAEL P. CASEY, ESQ.
LEWIS RICE & FINGERSH
500 NORTH BROADWAY
SUITE 2000
ST. LOUIS MO 63102

GENERAL COUNSEL
DURABLA MANUFACTURING CO.
140 SHEREE BLVD.
LYONVILLE PA 19341-1256

FERODO AMERICA, INC.
C/O THE CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

FOSTER-WHEELER CORPORATION, AS PARENT CORPORATION TO
FOSTER WHEELER ENERGY CORP.
C/O PRENTICE HALL CORP.  SYSTEMS
4845 JIMMY CARTER BLVD.
NORCROSS GA 30093

FOSTER-WHEELER ENERGY CORP.
C/O U.S. CORPORATION COMPANY
1013 CENTRE ROAD
WILMINGTON DE 19805

THE FLINTKOTE COMPANY
C/O CORPORATION TRUST COMPANY
1209 N. ORANGE STREET
WILMINGTON DE 19801

GARLOCK INC
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

GENERAL ELECTRIC COMPANY
C/O C T CORPORATION SYSTEM
1209 N. ORANGE STREET
WILMINGTON DE 19801

GEORGIA-PACIFIC CORPORATION
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

J.P. BUSHNELL PACKING AND SUPPLY
C/O LEGAL COUNSEL
3041 LOCUST STREET
SAINT LOUIS, MO 63103

MAREMONT CORP.
C/O THE CORPORATION TRUST COMPANY
CORPORATION TRUST DRIVE
1209 N. ORANGE STREET
WILMINGTON DE 19801

METROPOLITAN LIFE INSURANCE CO
1 MADISON AVE
NEW YORK NY 10010-3690

OWENS-ILLINOIS CORPORATION
C/O CT CORPORATION SYSTEMS
1635 MARKET STREET
PHILADELPHIA, PA 19103

RAPID-AMERICAN CORPORATION
C/O PRENTICE HALL CORPORATION SYS
1013 CENTRE ROAD
WILMINGTON DE 19805

VIACOM, INC. AS SUCCESSOR TO WESTINGHOUSE ELECTRIC CORPORATION
C/O LEGAL COUNSEL
1515 BROADWAY
NEW YORK, NY 10036

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**DOCKETED**

**MAR 29 2002**

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Darrin L. Jackson, individually and as Special Administrator for the estate of Floyd Jackson | A. C. AND S., INC., et al |

(b) County of Residence of First Listed Plaintiff _____Cook_____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

020 02254

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago Illinois 60607
(312) 944-0600 - (312) 944-1870 (fax)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**JUDGE GRADY**

**MAGISTRATE JUDGE MASON**

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | X 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 USC § 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ Over $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 3/28/02

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUN _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DOCKETED**

MAR 2 9 2002

Darrin L. Jackson, individually and as Special Administrator    CASE NO. **02C 2254**
for the estate of Floyd Jackson

       **Plaintiff,**

    v.

A. C. AND S., INC., et al

       **Defendants.**

**JUDGE GRADY**

MAGISTRATE JUDGE MASON

FILED-EDH
02 MAR 28 PM 3: 05
CLERK
U.S. DISTRICT COURT

**Appearances are hereby filed by the undersigned as attorney of record for**
Darrin L. Jackson, individually and as Special Administrator for the estate of Floyd Jackson

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE: *Mike C* | | SIGNATURE: | |
| NAME: Michael P. Cascino | | NAME: | |
| FIRM: Cascino Vaughan Law Offices, Ltd. 220 South Ashland Ave. Chicago Illinois 60607 (312) 944-0600 | | FIRM: Cascino Vaughan Law Offices, Ltd. 220 South Ashland Ave. Chicago Illinois 60607 (312) 944-0600 | |
| IDENTIFICATION NUMBER: 3124122 | | IDENTIFICATION NUMBER: | |
| MEMBER OF TRIAL BAR: YES [X] NO [ ] | | MEMBER OF TRIAL BAR: YES [ ] NO [ ] | |
| TRIAL ATTORNEY: YES [X] NO [ ] | | TRIAL ATTORNEY: YES [ ] NO [ ] | |
| (C) | | (D) | |
| SIGNATURE: | | SIGNATURE: | |
| NAME: | | NAME: | |
| FIRM: Cascino Vaughan Law Offices, Ltd. 220 South Ashland Ave. Chicago Illinois 60607 (312) 944-0600 | | FIRM: Cascino Vaughan Law Offices, Ltd. 220 South Ashland Ave. Chicago Illinois 60607 (312) 944-0600 | |
| IDENTIFICATION NUMBER: | | IDENTIFICATION NUMBER: | |
| MEMBER OF TRIAL BAR: YES [ ] NO [ ] | | MEMBER OF TRIAL BAR: YES [ ] NO [ ] | |
| TRIAL ATTORNEY: YES [ ] NO [ ] | | TRIAL ATTORNEY: YES [ ] NO [ ] | |

